**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**
No. 11-156V
Filed: January 2, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
ROBERT V. DAVIS and                                 \*
AMY M. PHILLIPS-DAVIS,                              \*
Parents and Legal Representatives of                \*
AIDAN L. DAVIS, a Minor Child,                      \*      Failure to Prosecute; Failure to Follow
                                                    \*      Court Orders; Dismissal.
            Petitioners,                            \*
       v.                                           \*
                                                    \*
SECRETARY OF HEALTH                                 \*
AND HUMAN SERVICES,                                 \*
                                                    \*
            Respondent.                             \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Robert V. Davis and Amy M. Phillips-Davis, Ogden, UT, pro se petitioners.
Lisa A. Watts, United States Department of Justice, Washington, DC, for respondent.

# DECISION[1]

**Vowell,** Chief Special Master:

On March 14, 2011, Robert Davis and Amy Phillips-Davis ["petitioners"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"], on behalf of their minor child, Aidan.  Petitioners allege that Aidan suffered various injuries, including "moderate to severe sensorineural bi-lateral hearing loss, fine motor skill incorrdination, global development delay, and an unspecified diagnosis including Pervasive Developmental Disorder," as a result of the measles, mumps, rubella ["MMR"], hepatitis A ["Hep A"],

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

and varicella vaccines he received on March 12, 2008; and/or the Haemophilus influenzae type B ["Hib"] and hepatitis B ["Hep B"] vaccines he received on March 21, 2008.  Petition at 1-4.

Included with their petition, petitioners filed Exhibits 1-22.  On May 6, 2011, petitioners filed a consented motion to substitute Mr. Thomas Gallagher in as attorney of record.  On October 3, 2011, petitioners filed Exhibits 23-26.  Petitioners filed Exhibit 27 and a statement of completion on November 9, 2011.

On February 17, 2012, respondent filed a Rule 4 report.  In her report, respondent argued that, petitioners failed to establish by preponderant evidence that the vaccines Aidan received on March 12, 2008 and/or March 21, 2008, caused any of the various injuries petitioners alleged in their petition.  Specifically, respondent contended that petitioners' recollection that Aidan suffered a seizure following his receipt of the March 2008 vaccines was not supported by the contemporaneous medical records.  Respondent added that without a report from a medical expert to support their causation-in-fact claim, petitioners' claim fails under the standard set forth in *Althen v. Sec'y, HHS*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  Respondent's Report at 13-15.

On February 27, 2012, following a status conference on the same day, the special master previously assigned to this case ordered petitioners to identify all evidence of a post-vaccination seizure or seizures and all evidence of a Table encephalopathy by March 28, 2012.  The special master also ordered petitioners to file an expert report by April 27, 2012.  On March 27, 2012, petitioners contacted chambers to make an oral motion for an enlargement of time to these deadlines.  The special master granted that motion on March 28, 2012.  On April 24, 2012, petitioners made a second motion for an extension of time to these deadlines.  The special master denied that motion on May 3, 2012, and ordered petitioners to submit any outstanding medical records by June 4, 2012.

Petitioners filed medical records (Exhibits 28-40) on May 23, 2012,[3] and a status report on May 24, 2012, in which they requested an extension of time to file their expert report.  The special master granted that motion on May 25, 2012, ordering petitioners to file an expert report by July 9, 2012.

On July 9, 2012, petitioners' counsel filed a status report in which he conveyed that he had advised petitioners he would be filing a motion to be relieved as counsel.  On July 19, 2012, the special master issued an order affording petitioners 60 days to search for alternate counsel.

This case was reassigned to me on September 4, 2012.  On September 18, 2012, petitioners moved for an extension of time until November 16, 2012, to seek

---

[3] Petitioners re-filed these exhibits on June 6, 2012.

2

alternate counsel.  On September 25, 2012, I ordered petitioners to show cause why I should not dismiss their case for insufficient proof and failure to prosecute their claim. In my order, I noted that the record indicated that "petitioners cannot prevail without an expert willing to opine in favor of vaccine causation," and that "[n]o treating physician has attributed Aidan's speech and hearing problems to a vaccine."  Order at 1.

On November 21, 2012, petitioners filed a motion for an extension of time until January 21, 2013, to find new counsel and respond to my order to show cause.  In making their motion, petitioners failed to indicate respondent's response.  Thus, I denied petitioners' motion on November 27, 2012, and granted petitioners leave to re-file a motion for an extension of time fully compliant with Vaccine Rule 19 by November 30, 2012.

On November 29, 2012, petitioners filed a response to my order to show cause in which they contended that their case should be allowed to proceed to trial. Alternatively, petitioners requested additional time in which to find an expert and/or new counsel.  In their response, petitioners indicated that they had been in contact with prospective counsel, as well as doctors who had agreed to review Aidan's records.  On November 30, 2012, I granted petitioner's request for an extension of time, ordering them to file a status report by January 28, 2013, updating the court on their efforts to secure alternate counsel and/or an expert witness.

On January 28, 2013, petitioners' counsel filed a status report with a letter from Ms. Phillips-Davis attached.  In her letter, Ms. Phillips-Davis expressed petitioners' intent to proceed with Aidan's case despite their difficulties obtaining alternate counsel.

Following a status conference on February 1, 2013, I ordered petitioners to file a status report by March 18, 2013, indicating that their materials had been sent to prospective attorneys for review and further indicating whether one of those attorneys anticipated substituting in as counsel of record.

On February 5, 2013, petitioners' counsel moved to withdraw as counsel of record.  I deferred a ruling on Mr. Gallagher's motion on February 6, 2013, to allow petitioners the opportunity to file a motion for interim attorney fees and costs. Petitioners filed an application for interim fees and costs on February 12, 2013.  On March 7, 2013, I issued a decision awarding interim attorney fees and costs. Thereafter, on March 11, 2013, I granted Mr. Gallagher's motion to withdraw as counsel.

On March 22, 2013, after petitioners failed to comply with my February 1, 2013 order, I issued an order to show cause, directing petitioners to file a status report by April 22, 2013, or otherwise show cause for why their case should not be dismissed for failure to prosecute.

On April 22, 2013, petitioners filed a status report in which they conveyed that,

due to the fact that Aidan had been diagnosed with an autism spectrum disorder, the prospective attorneys they had been in contact with declined to review Aidan's case. In their status report, petitioners requested an additional 60 days to continue their efforts to obtain alternate counsel and produce an expert report. On April 23, 2013, I ordered petitioners to file a status report regarding their search for alternate counsel by June 24, 2013.

On July 8, 2013, after petitioners failed to comply with my April 23, 2013 order, I issued a third order to show cause, giving petitioners yet another opportunity to file an expert report.

On September 6, 2013, petitioners filed a status report in which they requested an additional 90 days to obtain alternate counsel and an expert report. According to their status report, petitioners encountered a few setbacks, including Mr. Davis's surgeries, that impeded their efforts to prosecute Aidan's case. On September 12, 2013, I granted petitioners' request for additional time, ordering them to file an expert report by December 10, 2013. Petitioners have failed to comply with this order.

More than a year and 10 months have passed since the previous special master ordered petitioners to produce an expert report. I informed petitioners on multiple occasions that they could not prevail without an expert willing to opine in favor of vaccine causation. Additionally, petitioners have been afforded ample opportunity to obtain alternate representation. Despite the time afforded to petitioners to obtain counsel and produce an expert report, they have failed to do so. Three times I ordered petitioners to show cause why I should not dismiss their case for failure to prosecute. Petitioners have failed to comply with my September 12, 2013 order. **Accordingly, this case is dismissed for failure to prosecute. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                      **Denise K. Vowell**
                                                      Chief Special Master